# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC., <br><br>    Plaintiff/Counterdefendant, <br>   vs. <br><br> PANDA WINDOWS AND DOORS, LLC, <br><br>    Defendant/Counterclaimant. | CASE NO. 10CV677 JLS (AJB) <br><br> **ORDER DENYING DEFENDANT'S EX PARTE MOTION TO CONTINUE THE HEARING ON PLAINTIFF'S SPECIAL MOTION TO DISMISS** <br><br> (Doc. No. 24.) |

On April 26, 2010, Plaintiff and Counterdefendant Weiland Sliding Doors and Windows, Inc. (Plaintiff or Weiland) filed its first amended complaint (FAC) against Defendant and Counterclaimaint Panda Windows and Doors, LLC (Defendant or Panda) for patent infringement and associated other claims. (Doc. No. 6 (FAC).) Defendant answered and counterclaimed three days later. (Doc. No. 7.) Plaintiff answered the counterclaim soon thereafter. (Doc. No. 8.)

Nearly five months later, on September 3, 2010, Plaintiff filed a motion to dismiss (Doc. No. 23 (Mot. to Dismiss)) Defendant's counterclaim pursuant to California Code of Civil Procedure § 425.16 (Anti-SLAPP Statute). A hearing for the motion is set for October 14, 2010, and Defendant was to file its opposition to Plaintiff's motion by September 30, 2010. Instead of filing an opposition, Defendant filed an ex parte motion to continue the hearing on Plaintiff's motion to dismiss. (Doc. No. 24 (Mot. to Continue).)

//

1   Defendant requests a continuance on the hearing so that it may conduct a deposition.  (Mot.
2   to Continue ¶ 2.)  The deposition would hopefully provide testimony demonstrating "that
3   Weiland's statements to Panda's customers are *not* protected as a good faith assertion of
4   infringement."  (*Id.* ¶ 3.)  This testimony is allegedly necessary for Defendant to oppose Plaintiff's
5   motion to dismiss.  Defendant alleges that the parties were coordinating the deposition so that it
6   would occur in time for Defendant to oppose Plaintiff's motion to dismiss.  But negotiations broke
7   down, and Defendant was forced to file the present ex parte motion to continue.  (*Id.* ¶¶ 10–12.)

8   In California state court, discovery is automatically stayed upon the filing of an anti-
9   SLAPP motion to dismiss, except that the court may allow specified discovery "on noticed motion
10  and for good cause shown."  *See* Cal. Civ. Proc. Code § 425.16(g).  But whether and how the
11  discovery limiting aspects of the California anti-SLAPP statute apply in federal court is not clear.
12  This and other district courts have interpreted Ninth Circuit precedent as requiring the application
13  of Federal Rule of Civil Procedure 56(f) when determining whether discovery is allowed.  *See*
14  *Moser v. Triarc Companies, Inc.*, 2007 WL 3026425 (S.D. Cal. Oct. 16, 2007); *Price v. Stossel*,
15  590 F.Supp.2d 1262 (C.D. Cal. Sept 24, 2008).  That standard will be applied here.

16  Rule 56(f) requires discovery where the non-moving party has not had the opportunity to
17  discover information essential to its opposition.  *Moser*, 2007 WL 3026425, at *3.  But the Court
18  may deny a discovery request where "discovery is not essential."  *Id.* at 2.  "In particular, where
19  the anti-SLAPP motion only identifies legal defects on the face of the pleading, the court treats it
20  as a Rule 12(b)(6) motion for failure to state a claim."  *Id.* (internal quotations removed).

21  The Court finds that Plaintiff's anti-SLAPP motion to dismiss Defendant's counterclaim
22  challenges the legal sufficiency of Defendant's counterclaim.  Defendant's counterclaim is based
23  on Plaintiff's letters to Defendant's customers.  In those letters, Plaintiff informed Defendant's
24  customers of the instant litigation and the possibility of their liability.  Plaintiff argues in its anti-
25  SLAPP motion to dismiss that those statements are privileged.  To resolve the motion to dismiss,
26  the Court must assess whether the letters are privileged.  There is no need to consider evidence
27  beyond the pleadings.

28  Plaintiff does raise an issue in its motion to dismiss that could require discovery to oppose.

Plaintiff argues that the counterclaim has no chance of prevailing because Plaintiff was asserting its right to advise infringers of its good faith belief that a particular product infringes. (Mot. to Dismiss § 7.) Whether Plaintiff was acting in good faith while sending the letters could require discovery. But Defendant's reasons for discovery are inapposite in this context. Defendant asserts that Plaintiff's letters were not sent in good faith because they were sent while "Weiland was plainly aware that Panda [had] not been selling the accused product for months." (Mot. to Continue ¶ 3.) Whether Panda had been selling the product at the time Weiland sent the letters is irrelevant; Panda's customers could infringe on Weiland's patents even after Panda ceased selling the accused products. This scope of discovery is irrelevant to the anti-SLAPP motion.

For the reasons stated above, the Court **DENIES** Defendant's motion to continue the hearing on the motion to dismiss. The Court **VACATES** the hearing on the motion originally set for October 14, 2010, and **RESCHEDULES** the hearing on the motion to October 29, 2010, at 3:00 p.m. Defendant **SHALL FILE** any opposition to the motion to dismiss by Friday, October 8, 2010. Plaintiff **SHALL FILE** any reply by Thursday, October 21, 2010.

**IT IS SO ORDERED.**

DATED: October 4, 2010

Honorable Janis L. Sammartino
United States District Judge