1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC.,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>PANDA WINDOWS AND DOORS, LLC,<br><br>                                    Defendant. | CASE NO. 10CV677 JLS (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>(Doc. No. 28.) |

Presently before the Court is Plaintiff Weiland Sliding Doors and Windows, Inc.'s motion to file second amended complaint.  (Doc. No. 28 (Mot. to Amend).)  Also before the Court is Defendant Panda Windows and Doors, LLC's opposition (Doc. No. 63 (Opp'n)) and Plaintiff's reply.  (Doc. No. 60 (Reply).)  Defendant has not provided sufficient basis to deny Plaintiff leave to amend.  Plaintiff's motion to file second amended complaint is **GRANTED**.

## BACKGROUND

Plaintiff filed suit on March 30, 2010, and then filed a first amended complaint (FAC) one month later.  (Doc. Nos. 1 & 6.)  The FAC alleged direct infringement, inducement of infringement, and contributory infringement of U.S. patents 7,007,343 and 6,792,651, and also requested declaratory judgment on the issue whether Plaintiff's lawsuit and associated activities constituted tortious interference.  (*See generally* Compl.)  Approximately five months after filing the FAC, Plaintiff filed the present motion to file second amended complaint.

The second amended complaint purports to add an individual defendant, Eyal Shoshan. But Defendant contests such a limited characterization, arguing that the proposed second amended complaint is an attempt to "expand the scope" of Plaintiff's patent infringement claims.  The Court considers whether a second amended complaint is proper.

**LEGAL STANDARD**

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But while the rule should be interpreted extremely liberally, leave should not be granted automatically.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).  The opposing party bears the burden of demonstrating why denial is necessary.  A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended.  *Foman v. Davis*, 371 U.S. 178 (1962).

**ANALYSIS**

At the outset, the Court notes that it considers whether amendment is appropriate based on the revised proposed second amended complaint.  (Doc. No. 60-4.)  The revised differs from the original proposed second amended complaint in that the revised adds not two, but one defendant, Eyal Shoshan.  Defendant's objections to granting leave to amend are equally applicable to either version.  And the Court considers the revised version because it is the version Plaintiff ultimately wishes to submit.  (*See* Reply at 6.)  As for denying leave to amend, Defendant makes an argument under each *Foman* factor.  The Court considers each in turn.

**1.      Bad Faith**

Defendant's first argument is that the proposed amendment is an attempt to "sneak in a major expansion of" the scope of the lawsuit.  (Opp'n at 6–7.)  Plaintiff, Defendant argues, seeks to re-cast the scope of its drainage track patents under the guise of adding an additional party.  (*Id.*)  Where the first amended complaint directs Plaintiff's patents towards "drainage systems," the second amended complaint directs the patents towards "lift and slide doors and their associated systems and hardware together with the drainage system."  (*Id.*  (internal quotations omitted).)

The Court finds that Plaintiff's motion for leave to amend was not made in bad faith.  Certainly, the second amended complaint contains changes beyond the addition of a party.  But where the Defendant sees an attempt to expand the scope of the lawsuit, the Court sees nonsubstantive changes.  Defendant believes that changing the wording from "drainage systems" to "lift and slide doors and their associated systems and hardware together with the drainage

10CV677

1    system" would "substantially alter the scope of the infringement claims." (Opp'n at 6.) But the

2    scope of Plaintiff's patents is not dictated by the complaint; that is what the Markman hearing is

3    for. And the allegedly infringing products do not change either. Thus, the Court finds no bad faith

4    and cannot deny leave to amend on this ground.

5    **2.      Undue Delay**

6            In most situations, undue delay by itself "is insufficient to justify denying a motion to

7    amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). But in some egregious cases, delays

8    may be sufficient on their own to deny amendment. *See AmerisourceBergen Corp v. Dialysist*

9    *West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Under the undue delay analysis, a relevant inquiry

10   is also whether plaintiff "knew or should have known the facts and theories raised by the

11   amendment in the original pleading." *Jackson*, 902 F.2d at 1388. Defendant argues two reasons

12   for why Plaintiff unduly delayed in moving to amend: the first reason concerns patent scope, the

13   second concerns the new defendant.

14           Defendant first argues that Plaintiff "must have had full knowledge concerning its patents

15   and the their possible scope prior to" filing the law suit. (Opp'n at 8.) Thus, Defendant argues,

16   the proper scope of the patent could have, and should have, been included at the outset. (*Id.*)

17   Failure to do so, according to Defendant, is fatal to amendment now. (*Id.*)

18           But as the Court noted above, Plaintiff has not changed the scope of its patents. Amending

19   the complaint would have no such affect. And to the extent the parties have exchanged

20   preliminary infringement contentions and preliminary invalidity contentions (*see id.* at 8–9),

21   amending the complaint would have no affect. The assertions made in those papers do not change

22   simply because the complaint has been amended. Thus, the Court finds that the changes in the

23   complaint do not warrant denying leave to amend under the undue delay analysis.

24           Defendant also argues that Plaintiff could have included Eyal Shoshan in either the original

25   or first amended complaint. (*Id.*) And because Plaintiff failed to do so, Defendant argues that

26   Plaintiff unduly delayed in attempting to amend. The Court disagrees.

27           The Court finds no undue delay even if Shoshan could have been included earlier. While

28   the Court has an aversion towards allowing amendments that could have been made earlier, the

factors that would incline the Court to deny amendment are not found here.  In *Acri v. International Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986), cited by Defendants, the case had proceeded past summary judgment, discovery had long been closed, and the decision not to amend at an earlier date was a tactical one.  That is not the situation here.  Thus, the Court finds that the addition of Shoshan at this point in litigation is not undue delay warranting denial of leave to amend.

**3.      Prejudice to Defendant**

Defendant argues that changing the scope of infringement claims and adding a new defendant would be prejudicial because it puts Defendant "through time and expense of continued litigation on a new theory, with the possibility of additional discovery."  (Opp'n at 9 (quoting *Jackson*, 902 F.2d at 1388.).)  The Court disagrees.

The changes made in the proposed second amended complaint are nonsubstantive and do not change the scope of Plaintiff's infringement claims.  Thus, they do not necessitate additional discovery.  Moreover, the addition of Shoshan, while possibly necessitating additional discovery, is not prejudicial.  This case has not yet proceeded beyond claim construction and the end of the discovery period is not yet in sight.  *Cf. Jackson*, 902 F.2d at 1386–87.  The Court finds, therefore, that Defendant will not suffer prejudice warranting the denial of leave to amend.

**4.      Futility of Amendment**

"A proposed amendment is futile only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Defendant argues that the change in scope of the patents and the addition of Shoshan are both futile.  Again, the Court disagrees.

Defendant argues that "Weiland's attempt to re-cast its patent claims as covering 'lift and slide doors' and their 'associated systems and hardware' is plainly futile."  (Opp'n at 11.)  But as previously noted, the changes are not an attempt to re-cast the scope of the patents.  Thus, the changes cannot be futile as Defendant proposes.

The remaining question is whether adding Shoshan is futile.  Plaintiff brings claims for direct infringement, induced infringement, and contributory infringement.  Defendant contends

- 4 -

10CV677

that the addition of Shoshan is futile as to each claim.  (Opp'n at 12–13.)  But although Defendant provides several reasons why Shoshan could not be liable for direct, induced, or contributory infringement, adding Shoshan is not futile.  The Court cannot find at this juncture that "no set of facts can be proven under the amendment to the pleadings that could constitute a valid and sufficient claim."  *Miller*, 845 F.2d at 214.  But future motions to dismiss on this matter would be entertained.

Having found that Plaintiff has not changed the scope of its pleadings and that a valid and sufficient claim against Shoshan is possible, the Court finds that amendment would not be futile.  Leave to amend will not be denied on this basis.

**5.      Previous Amendment**

Defendant's final argument against amendment is that Plaintiff had previously amended its complaint.  (Opp'n at 14.)  But Defendant fails to acknowledge that the prior amendment was made as a matter of right under Federal Rule of Civil Procedure 15(a).)  This is not a situation in which the Court previously granted Plaintiff leave to amend.  *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).  Thus, Plaintiff's previous amendment, made as a matter of right under Rule 15(a), is not grounds to deny leave to amend now.

**6.      Conclusion**

The burden fell on Defendant to demonstrate that leave to amend would be inappropriate.  Defendant failed to meet that burden and did not establish the presence of any of the five *Foman* factors.  As a result, the Court finds no reason to deny leave to amend.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to file second amended complaint is **GRANTED**.  Plaintiff **SHALL FILE** its amended complaint within fourteen days after this order is electronically docketed.

**IT IS SO ORDERED**.

DATED:  January 18, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge