UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PANDA WINDOWS AND DOORS, LLC, <br><br> Defendant. | CASE NO. 10CV677 JLS (AJB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PRELIMINARY INVALIDITY CONTENTIONS** <br><br> (Doc. No. 30.) |

Presently before the Court is Plaintiff Weiland Sliding Doors and Windows, Inc.'s (Plaintiff) motion to strike Defendant's preliminary invalidity contentions. (Doc. No. 30 (Mot. to Strike).) Also before the Court is Defendant Panda Windows and Doors, LLC's (Defendant) response in opposition (Doc. No. 64 (Opp'n) and Plaintiff's reply in support. (Doc. No. 66 (Reply).) For the reasons stated below Plaintiff's motion is **DENIED**.

Patent Local Rules 3.3 and 3.4 require Defendant to serve on all parties its "Preliminary Invalidity Contentions." The preliminary invalidity contentions must, among other things, provide "the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Patent L.R. 3.3(a). The purpose of the preliminary invalidity contentions is to force parties to crystallize their theories of the case early in litigation. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). Doing so avoids the "shifting sands" approach to patent litigation whereby a party changes its invalidity position during the course of litigation. *See Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*, 2006 WL 2228940, *3 (N.D. Cal. 2006). The preliminary invalidity contentions are not set in stone,

1   however.  After the Court issues its Claim Construction Ruling, Defendant may have an
2   opportunity to update the preliminary invalidity contentions.  Patent L.R. 3.6(b).

3   On September 29, 2010, Defendant served its preliminary invalidity contentions on
4   Plaintiff.  Two weeks later, Plaintiff filed the present motion to strike Defendant's preliminary
5   invalidity contentions.  This motion has three stated goals.  First, Plaintiff hopes to prevent the
6   Gold and Kalil references "from being considered prior art and to prevent them from later being
7   introduced at trial through witness testimony."  (Reply at 1.)  Second, Plaintiff requests "the Court
8   strike [Defendant's] Preliminary Invalidity Contentions."  (Reply at 2.)  And finally, Plaintiff
9   requests the Court deny Defendant the opportunity to amend the preliminary invalidity
10  contentions.  (Mot. to Strike at 7.)

11  The Court discusses the Gold and Kalil references first.  Plaintiff argues that the Gold and
12  Kalil publications "should be stricken because no translation was provided as required by Local
13  Patent Rule 3.4(b) and they fail to meet the sufficiency requirements of Local Patent Rule 3.4(a)."
14  (Mot. to Strike at 4.)

15  The Court finds that the Kalil and Gold references satisfy Rule 3.4(b).  Rule 3.4(b) requires
16  a party to provide "an English translation of the portion(s) relied upon" if a piece of prior art is not
17  in English.  Patent L.R. 3.4(b).  Plaintiff argues that the references are not in English and no
18  translation was provided.  (*See* Mot. to Strike at 3–4.)  Defendant asserts that the references are
19  used for "what is shown in the drawings."  (Opp'n at 6.)  In resolving this matter, the Court notes
20  that line segments require no translation.

21  The Court also finds that Rule 3.4(a) does not apply to the Kalil and Gold references.  The
22  rule requires "documentation sufficient to show the operation of any aspects or elements of any
23  Accused Instrumentality identified by the patent claimant in its Patent L.R. 3.1.c chart."  Patent
24  L.R. 3.4(a).  In practice, this requires the alleged infringer to turn over any and all documents
25  describing the operation or structures of the accused infringer's accused devices.  *See IXYS Corp.*
26  *v. Advanced Power Tech., Inc.*, 2004 WL 1368860, *3 (N.D.Cal.2004).  The Kalil and Gold
27  references are not related to "aspects or elements of any Accused Instrumentality."  Patent L.R.
28  3.4(a).  They are references for invalidity purposes.  Whatever objections Plaintiff has regarding

1  Kalil and Gold's sufficiency as prior art cannot be asserted through Rule 3.4(a).

2  After considering the Kalil and Gold references, the Court considers Plaintiff's arguments
3  for striking the preliminary invalidity contentions as a whole.  Plaintiff makes two arguments.
4  First, Plaintiff argues that Defendant's 102(b) prior art disclosures do not satisfy Rule 3.3(a).
5  (Mot. to Strike at 5.)  And second, Plaintiff argues that Defendant's invalidity chart is inadequate
6  under Rule 3.3(c).  (Mot. to Strike at 5.)

7  The Court finds that Defendant's 102(b) prior art disclosures satisfy Rule 3.3(a).  Rule
8  3.3(a) requires 102(b) disclosures to be accompanied by specific pieces of information:

> Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered
> for sale or publicly used or known, the date the offer or use took place or the
> information became known, and the identity of the person or entity that made the
> use or that made and received the offer, or the person or entity that made the
> information known or to whom it was made known.

Patent L.R. 3.3(a).  Here, Defendant identifies the item offered for sale, when the item was offered for sale, and to whom the offer was made.  (Mot. to Strike, Exhibit A at 3.)

The Court also finds that Defendant's invalidity chart satisfies Rule 3.3(c).  Rule 3.3(c) requires Defendant to provide a chart specifying where "in each alleged item of prior art each element of each asserted claim is found."  Patent Local Rule 3.3(c).  Plaintiff claims that Defendant "fails to specify were [sic] each *element* of each claim is found."  (Reply at 5 (emphasis in original).)  The Court disagrees.  For example, Patent 6,792,351 claim element 1(f) is allegedly found in the prior art publications; Patent 3,555,736 at Figures 2 and 5, Col. 1, lines 17–22, Col. 3, lines 54–75, Col. 4, lines 9–27, and Col. 4, line 71 to Col. 5, line 45; and Patent 5,341,600 at Figures 1 and 4, Col. 4, Line 37 to Col. 5 line 3.  (Mot. to Strike, Exhibit A at 7–8.)

In its reply, Plaintiff raises a new argument for striking Defendant's invalidity contentions. But the Court will not consider it because it was not made in the original motion and Defendant was not given an opportunity to oppose.  The Court to takes to heart Plaintiff's recital of the proposition that local patent rules "are not intended to create loopholes through which parties may practice litigation by ambush."  (Reply at 5.)

Plaintiff fails to provide a basis for excluding the Gold and Kalil references and striking the preliminary invalidity contentions as a whole. Because of this, the Court will not consider whether it is appropriate to grant Defendant leave to amend the preliminary invalidity contentions. Plaintiff's motion to strike is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 31, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge