cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC., a California corporation,<br><br>           Plaintiff,<br>v.<br><br>PANDA WINDOWS AND DOORS, LLC, a Limited Liability Company of Nevada,<br><br>           Defendants.<br>AND RELATED COUNTER-CLAIMS. | Civil No.10cv0677 JLS (AJB)<br><br>ORDER DENYING EX PARTE APPLICATION<br><br>[Doc. No. 75] |

On January 14, 2011, Plaintiff's counsel filed an ex parte application seeking leave to file a motion to compel. Defendants filed an opposition on January 18, 2011 and the Plaintiff filed a reply on January 19, 2011. For the reasons set forth below, the Plaintiff's Ex Parte Application is hereby DENIED.

## *<u>Background</u>*

Plaintiff's counsel contacted the Court on November 18, 2010 regarding a discovery dispute involving between 15-18 Interrogatories and between 80-100 Requests for Production of Documents and requested a hearing date for a motion to compel.[1] Since Plaintiff's counsel represented to the Court's law clerk that the parties had not met and conferred in compliance with Civil Local Rule 26.1,

---

[1] To date, the Plaintiff has propounded a total of 113 requests for production of documents and 17 interrogatories. See Doc. No. 75-3, page 6, lines 16-18.

1                                                                                                                                 10cv0677

Plaintiff's counsel was instructed to telephonically meet and confer with Defendants' counsel regarding all disputed discovery and then jointly contact the Court thereafter to address any remaining disputes.

The parties agreed to meet and confer telephonically on November 23, 2010 and then contacted the Court's law clerk at the conclusion of their meet and confer efforts. During the discovery conference call with the Court's law clerk on November 23, 2010, the parties stated that all of the disputed discovery, which would be the subject of the Plaintiff's motion to compel, involved two products which the Plaintiff openly admitted were not identified in the Plaintiff's complaint or preliminary infringement contentions (hereinafter "PICs"). Defendants' stated that they produced photos and schematics and would permit additional access to product samples to provide sufficient information for Plaintiff to see that the asserted claims do not cover these products,[2] but refused to provide the requested sales information for the two products because they were not identified in the complaint or PICs. Judge Battaglia informed the parties through the law clerk that he would not compel production with regard to products outside the scope of the pleadings since the PICs had already been exchanged.

### *Discussion*

The Plaintiff's ex parte application for leave to file a motion to compel presents numerous timeliness, compliance and scope issues.

### *I. Compliance With Federal Rules, Local Civil Rules and Chambers Rules*

#### *A. Compliance With Federal Rules*

First the Court notes that Rule 16(b) of the Federal Rules of Civil Procedure, requires a showing of good cause and leave of the Court to amend scheduling orders. Per this Court's June 30, 2010 Scheduling Order, [Doc. No. 17], all claims construction discovery was to be completed on or before December 15, 2010. Plaintiff did not file the instant ex parte application until January 14, 2011. As such, no showing of good cause has been made and no motion to modify the scheduling order has been filed by the Plaintiff.

---

[2] On June 28, 2010, Defendant allowed Plaintiff's counsel to examine and photograph one of the products. Defendant produced photographs and illustrations of the other product to the Plaintiff on August 9, 2010. Plaintiff stated during the November 23, 2010 conference call with the Court that the quality of the photographs produced in August was poor, so the Defendant agreed to produce additional photos.

1   In the instant ex parte application, [Doc No. 75], and proposed motion to compel under Rule 37,
2   [Doc. No. 75-3], the Plaintiff must demonstrate good faith efforts to confer with defense counsel to
3   obtain the requested discovery. Fed. R. Civ. P. 37(a)(2)(B). Plaintiff refers the Court to document
4   demands and follow up letters and emails seeking the requested discovery,[3] however, the Defendant
5   responded to these requests with the same objections. During each letter or email exchange, the Plaintiff
6   failed to address the relevancy objections raised by the Defendant and merely reiterated its earlier
7   request (either by letter or email) without any attempt to confer to avoid this motion. The Plaintiff only
8   conferred with Defendant after being instructed by the Court's law clerk on November 18, 2010 to do
9   so. The Plaintiff does not discuss further conversations or other efforts to obtain these documents short
10  of this motion, other than repeatedly asking for them. As an ex parte application to file a Rule 37
11  motion, it should be denied for failing to satisfactorily certify Plaintiff's good faith efforts to resolve this
12  dispute short of motion practice.

### *B. Compliance With Local Civil Rules and Chambers Rules*

   The Plaintiff's counsel is, and was at all relevant times, aware of 1) chamber's rules requiring
parties to first contact the Court's law clerk to discuss discovery disputes before filing any documents
with the Court;[4] 2) Local Civil Rule 5.1.J.4, which requires a date and time to appear in the caption of

---

[3] Plaintiff served its First Set of Interrogatories and First Set of Requests for Production of Documents on *June 24, 2010* and received Defendants responses on *July 30, 2010*. Plaintiff served its Second Set of Interrogatories and Second Set of Requests for Production of Documents on *July 7, 2010* and received Defendants' responses on *August 9, 2010*. Plaintiff's counsel sent his first meet and confer letter to Defendant's counsel on *September 3, 2010*. Plaintiff's counsel sent a follow-up letter on *September 7, 2010* and a follow-up email on *September 20, 2010.* Further emails were exchanged between counsel on *September 27, 2010, October 28, 2010* and *November 10, 2010*. Plaintiff's counsel did not contact the Court regarding the discovery disputes involving Defendants' responses until *November 18, 2010* and did not fully meet and confer in compliance with CivLR 26.1 until *November 23, 2010*. Plaintiff's counsel then waited until *January 14, 2011* before filing the instant ex parte application.

   The Plaintiff served their PICs on *July 30, 2010*. Preliminary Invalidity Contentions were due on or before *September 30, 2010*. Claims Construction Discovery, including any depositions of any witnesses and/or experts the parties intend to use in the Claim Construction Hearing was to be completed by *December 15, 2010*.

[4] Judge Battaglia's Chamber Rules for Discovery Disputes states in part:
   Any motion to compel discovery or a motion for protective order relative to discovery will be filed no later than 30 days after the production of a response for which a dispute arises; or within 30 days of the due date where there has been a failure to respond to discovery. Counsel must comply with Local Civil Rule 26.1 before any such motion will

any motion filed with the court; and 3) Local Civil Rule 7.1.b, which requires the moving party obtain a hearing date and time from the clerk of the judge to whom the case is assigned. Plaintiff's use of an ex parte application in this instance is not appropriate because Plaintiff's counsel was fully informed by the Court's law clerk of the above requirements on November 18, 2010, which was 57 days before the Plaintiff's filing of the ex parte application and 27 days before the close of claims construction discovery. The Plaintiff's overall lack of diligence in pursuing the disputed discovery fails to demonstrate good cause for dispensing with the normal rules and requirements of this Court and weighs heavily against any argument of urgency necessitating the filing of an ex parte application without contacting the Court.

## II. *Scope of the Proposed Motion to Compel*

When the Plaintiff contacted the Court on November 18 and again on November 23, 2010, the sole issue presented to the Court and discussed during these conference calls was sales information, photos, schematics and inspection of product samples for two products that were not identified in the complaint or PICs. However, in the reply, [Doc. No. 79], the Plaintiff states that the proposed motion to compel is not limited to the narrow topic of Defendant's failure to provide discovery for products it considers non-infringing, but also encompasses numerous other discovery abuses. Specifically, the Plaintiff claims that: 1) the Defendant has not produced a privilege log to date; 2) that the right to discovery is broad and Defendant must provide documents and information for more than just what Defendant considers infringing; and 3) that Defendant's responses to discovery requests are insufficient, improper and unverified. The Plaintiff requests in the proposed motion to compel, that the Court order Defendant to provide supplemental responses to all of Plaintiff's interrogatories and document requests. *See* Doc. No. 75-3, page 9, lines 18-19 and page 12, lines 5-6.

The Court is not moved by the Plaintiff's assertion of numerous discovery abuses. None of these alleged discovery abuses were raised with the Court during the discovery conference calls on either

---

be accepted for filing.

Judge Battaglia's Chamber Rules for Ex Parte Proceedings states in part:
Appropriate ex parte applications may be made at any time after first contacting the law clerk, but must ultimately be filed electronically on ECF and include a description of the dispute, the relief sought, and accompanied by a separate affidavit indicating reasonable and appropriate notice to the opposition.

1  November 18 or 23, 2010. The Court also notes that the proposed motion to compel almost exclusively
2  addresses obtaining information regarding the two products not identified in the complaint or PICs.
3  While the Plaintiff states an urgent need for the information requested, the Court finds this urgent need
4  hard to reconcile with the fact that the Plaintiff filed its claim construction brief without having
5  requesting additional time to obtain this discovery.[5] The Court finds the Plaintiff's ex parte application
6  and proposed motion to compel to be nothing more than a re-characterization of the same requests for
7  information for two products which are outside the scope of the pleadings in this case and therefore not
8  relevant.

### *Conclusion*

10  For the reasons set forth above, the Plaintiff's Ex Parte Application, [Doc. No. 75], is hereby
11  DENIED.
12  IT IS SO ORDERED.

14  DATED: February 1, 2011

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[5] Opening Claim Construction briefs were filed by the parties on *January 14, 2011* and the hearing is set for *April 5, 2011*.