1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  WEILAND SLIDING DOORS AND
WINDOWS, INC.,

12                                          Plaintiff,

13        vs.

14

PANDA WINDOWS AND DOORS, LLC
15  and EYAL AVI SHOSHAN,

16                                          Defendants.

CASE NO. 10CV677 JLS (MDD)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT**

(ECF No. 87.)

17
18        This is a suit for patent infringement.  Plaintiff Weiland Sliding Doors and Windows, Inc.

19  and Defendant Panda Windows and Doors, LLC, are both in the doors and windows industry.

20  Plaintiff is the owner of U.S. Patent Nos. 7,007,343 and 6,792,651.  Plaintiff's second amended

21  complaint (SAC) asserts claims against Panda Windows and Doors and its president, Eyal Avi

22  Shoshan, for direct patent infringement, inducement of infringement, and contributory

23  infringement of the two patents.  (SAC, ECF No. 83.)

24        Presently before the Court is Defendants' motion to dismiss Plaintiff's second amended

25  complaint.  (Mot. to Dismiss, ECF No. 87.)  Also before the Court is Plaintiff's opposition,

26  (Opp'n, ECF No. 91), and Defendants' reply, (Reply, ECF No. 94).  After consideration, the Court

27  **GRANTS** Defendants' motion.

28  ///

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief.  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, —U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

///

///

**ANALYSIS**

**I.      Direct Infringement**

Defendants argue that Plaintiff fails to state a direct infringement claim against Eyal Avi Shoshan.  Defendants do not challenge the claim as it pertains to Panda Windows and Doors.

Shoshan is the president of Panda Windows and Doors.  The corporate veil "shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'"  *Wordtech Sys. Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citing *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007)).  Thus, to determine whether Shoshan is "personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil."  *Orthokinetics Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986).

In patent cases, federal district courts apply the alter ego law of the regional circuit.  *See Wechsler*, 486 F.3d at 1295 (citing *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004)).  The Ninth Circuit applies the law of the forum state to determine whether a corporation is the alter ego of an individual.  *See Towe Antique Ford Foundation v. I.R.S.*, 999 F.2d 1387, 1391 (9th Cir. 1993).  Thus, this Court looks to California alter ego law.

"Determining whether an alter ego exists or whether to pierce the corporate veil depends on the circumstances surrounding each particular case.  Two general requirements recognized by California courts are (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the [parent] no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  *Fed. Reserve Bank of San Francisco v. HK Sys., Eaton Corp.*, 1997 WL 227955, at *6 (N.D. Cal. April 24, 1997).

Plaintiff fails to allege sufficient facts for this Court to reasonably infer that piercing the corporate veil is proper.  Plaintiff asserts that it properly alleges a unity of interest because it alleged in its SAC that Shoshan operated Panda Windows and Doors for Shoshan's personal benefit.  (Opp'n 27 (citing to SAC ¶ 27).)  The Court strains to infer from such an allegation that there is such unity of interest that Shoshan and Panda Windows and Doors should be considered

one personality.  *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("Conclusory allegations of "alter ego" status are insufficient to state a claim.").  But even assuming this allegation is sufficient, Plaintiff fails to allege an inequitable result.  "The kind of inequitable result that makes alter ego liability appropriate is an abuse of the corporate form, such as under-capitalization or misrepresentation of the corporate structure to creditors."  *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988) (internal citations and quotations omitted).  Plaintiff makes no such allegations of inequitable result here.

Plaintiff's cause of action for direct infringement is **DISMISSED WITHOUT PREJUDICE** as to Defendant Shoshan.  Plaintiff fails to allege sufficient factual basis to satisfy the Rule 8 pleading standard.

## II.    Inducement of Infringement

Plaintiff asserts claims for inducement of infringement against both Shoshan and Panda Windows and Doors.  Defendants argue that the claims fail because Plaintiff fails to allege that either defendant had the requisite intent to induce infringement.  (Opp'n 5–6.)

Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (internal citations and quotations omitted).  "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."  *Id.* at 1354 (internal citations quotations omitted).

Plaintiff's SAC fails to allege a § 271(b) violation against either defendant.  As an initial matter, Plaintiff fails to allege that there has been direct infringement by a third party.  In *Kilopass*, the plaintiffs identified a third party, XMOS, that was allegedly directly infringing on the plaintiff's patents.  *Kilopass*, 2010 WL 5141843, at * 3–4.  No allegations concerning patent infringement by a third party can be found within Plaintiff's SAC.  At best, Plaintiff provides a

1    perfunctory allegation that Defendants "actively induce infringement of the Plaintiff's patents in

2    the United States." (SAC ¶ 31.) Having failed allege that third parties have directly infringed, the

3    Court finds it difficult to infer that Defendants had the requisite affirmative intent to cause direct

4    infringement.

5            Plaintiff's cause of action for inducement of infringement is **DISMISSED WITHOUT**

6    **PREJUDICE** as to both defendants. Plaintiff fails to allege sufficient factual basis to satisfy the

7    Rule 8 pleading standard.

8    **III.    Contributory Infringement**

9            Plaintiff asserts claims for contributory infringement against both Shoshan and Panda

10   Windows and Doors. Defendants argue that the claims fail because Plaintiff fails "to identify any

11   'component' of a drainage track that is sold by Panda/Shoshan, with knowledge that it is especially

12   designed for use in a patented invention." (Opp'n 7.)

13           Under 35 U.S.C. § 271(c), whomever offers to sell or sells within the United States a

14   component for use in a patented invention is liable for contributory infringement if: (1) the

15   component constitutes "a material part of the invention"; (2) the alleged infringer knows that the

16   component is "especially made or especially adapted for use in an infringement of [the] patent";

17   and (3) the component is "not a staple article or commodity of commerce suitable for substantial

18   noninfringing use." 35 U.S.C. § 271(c); *see also i4i P'ship v. Microsoft Corp.*, 598 F.3d 831,

19   850–51 (Fed. Cir. 2010). A plaintiff must also show direct infringement by a third party. *See*

20   *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1349 (Fed. Cir. 2003).

21           Plaintiff's allegations regarding "components" are insufficient to plead a § 271(c)

22   violation. Plaintiff pleads that "Defendants have sold and continue to sell in the United States

23   components that are a material part of the Patented Door Systems taught by the '343 and the '651

24   patents . . . ." SAC ¶ 37. This allegation does nothing more than mirror statutory language. And

25   other than this statement, the SAC is devoid of factual allegations regarding components. The

26   Court finds that the complaint does not contain sufficient factual matter to state a claim to relief

27   that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949.

28   ///

10CV677

1   Plaintiff cites *Kilopass Tech Inc. v. Sidense Corp.*, 2010 WL 5141843 (N.D. Cal. Dec. 13,

2   2010), in support of the argument that Plaintiff need not identify specific components.  The

3   *Kilopass* defendant argued that the plaintiff failed to assert a § 271(c) claim because of the

4   Supreme Court's ruling in *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007).  The *Kilopass*

5   plaintiff relied on "GDS files" as the component.  The *Kilopass* defendant argued that the

6   "Supreme Court clearly stated that 'information, instructions or tools' used to create

7   components—which is what [Defendant's] GDS files are here—are not themselves components

8   under the patent laws."  *Kilopass*, 2010 WL 2141843, at *5.  Thus, the *Kilopass* defendant argued,

9   the plaintiff failed to state a § 271(c) claim.

10   Far from disaffirming the need to allege a specific component, the *Kilopass* court

11   dismissed the defendant's argument on the basis that *Microsoft Corp. v. AT&T Corp.* was a

12   § 271(f) case and inapplicable to the plaintiff's § 271(c) claim.  *Kilopass*, 2010 WL 2141843, at

13   *5.  *Kilopass* does not stand for the proposition that "no specific identification of a supplied

14   component was necessary at the pleading stage."  (Opp'n 13.)  Thus, this Court finds Plaintiff's

15   reliance on *Kilopass* unhelpful.

16   Plaintiff's cause of action for contributory infringement is **DISMISSED WITHOUT**

17   **PREJUDICE** as to both defendants.  Plaintiff fails to allege sufficient factual basis to satisfy the

18   Rule 8 pleading standard.

19   **CONCLUSION**

20   For the reasons stated about, Defendants' motion to dismiss is **GRANTED** in its entirety.

21   Plaintiff's claim against Eyal Avi Shoshan for direct infringement and its claims for inducement of

22   infringement and contributory infringement are **DISMISSED WITHOUT PREJUDICE**.  Any

23   amended complaint **SHALL** be filed within 28 days of this Order being electronically docketed.

24   **IT IS SO ORDERED.**

25

26   DATED:  August 10, 2011

27   _____
Honorable Janis L. Sammartino
United States District Judge

28

10CV677