# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PANDA WINDOWS AND DOORS, LLC and EYAL AVI SHOSHAN, <br><br> Defendants. | CASE NO. 10CV677 JLS (MDD) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** <br><br> (ECF No. 114) |

Presently before the Court is Defendants Panda Windows and Doors, LLC ("Panda") and Eyal Avi Shoshan's ("Shoshan," and collectively, "Defendants") motion to dismiss Plaintiff Weiland Sliding Doors and Windows, Inc.'s ("Weiland") third amended complaint ("TAC"). (Mot. to Dismiss, ECF No. 114)  Also before the Court are Weiland's opposition, (Resp. in Opp'n, ECF No. 120), and Defendants' reply, (Reply in Supp., ECF No. 121).  The hearing set for the motion on January 5, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** Defendants' motion.

## BACKGROUND

Plaintiff Weiland and Defendant Panda are competitors in the doors and windows industry. In this patent infringement suit, Weiland's TAC asserts claims against Panda and its president, Shoshan, for direct patent infringement, inducement of infringement, and contributory infringement of two of Weiland's patents: U.S. Patent Nos. 7,007,343 ("the '343 Patent") and 6,792,651 ("the '651 Patent").  (TAC, ECF No. 112)

Weiland first filed suit on March 30, 2010, (Compl., ECF No. 1), and then filed a first amended complaint ("FAC") one month later, (FAC, ECF No. 6). Approximately five months after filing the FAC, Weiland filed a motion to file a second amended complaint ("SAC"), (Mot. to Amend, ECF No. 28), which the Court granted, (Order, Jan. 18, 2011, ECF No. 78). Weiland's SAC was filed on February 1, 2011, (SAC, ECF No. 83), and Defendants filed a motion to dismiss on February 18, 2011, (Mot. to Dismiss SAC, ECF No. 87). The Court granted Defendants' motion in its entirety, dismissing without prejudice Weiland's claim for direct infringement against Shoshan,[1] and the claims for inducement of infringement and contributory infringement against both Shoshan and Panda. (Order, Aug. 10, 2011, ECF No. 109)

The operative TAC was thereafter filed on September 7, 2011, asserting claims of direct infringement against Panda, inducement of infringement against Panda and Shoshan, and contributory infringement against Panda and Shoshan. (TAC, ECF No. 112) Defendants filed the instant motion to dismiss challenging the inducement and contributory infringement claims on September 28, 2011. (Mot. to Dismiss, ECF No. 114)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a

---

[1] Defendants did not challenge the direct infringement claim in the SAC as it pertained to Panda. The direct infringement claim in the TAC is asserted only against Panda, (TAC ¶¶ 25–31, ECF No. 112), and Defendants do not challenge that claim in the instant motion.

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

//
//
//
//
//

# ANALYSIS

## 1. Timeliness of Motion

As an initial matter, Weiland opposes Defendants' motion on procedural grounds, arguing that it should be denied as untimely. (Resp. in Opp'n 2–3, ECF No. 120)  Specifically, Weiland points to Federal Rule of Civil Procedure 15(a)(3) as setting the deadline for Defendants' Rule 12(b)(6) motion.  Pursuant to the timing mandate of that rule, argues Weiland, Defendants' motion was due on September 21, 2011, or fourteen days after the TAC was filed.  Because Defendants' motion was not filed until September 28, 2011, Weiland contends the motion was untimely and "should be dismissed on this basis alone." (*Id.* at 3)

Weiland is incorrect that Defendants' motion was untimely.  The only time limitation on Rule 12(b) motions is that they "be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).  Here, Rule 15, which deals with amended pleadings, specifies the time for serving a responsive pleading.  *See, e.g.*, *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007) ("[T]he deadline for responding to an amended complaint is established separately under Rule 15."), *amended by* 495 F.3d 1378 (Fed. Cir. 2007).  Under Rule 15(a)(3), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Thus, the time mandated for Defendants' responsive pleading was fourteen days after service of the TAC, September 21, 2011.

The mere passage of the time for the responsive pleading does not speak to whether Defendants' motion to dismiss was timely, however.  It is well established that a 12(b) motion is not a "responsive pleading," *Taho-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (citing Fed. R. Civ. P. 7(a)), and therefore it need not be filed within the time constraints outlined above, *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("[W]hile some courts hold that Rule 12(b) motions must be made within 20 days of service of the complaint, the rule itself only requires that such motions be made before pleading if a further pleading is permitted." (internal quotation marks omitted)).

//

Though the outcome might be different where there has been an entry of default, that is not the case here.[2] Defendants' motion to dismiss was filed on September 28, 2011, albeit seven days after the time allotted for a responsive pleading, but nevertheless "before" any responsive pleading, which is all that is required.[3] As such, the Court finds that it is timely.

**2. Inducement of Infringement**

Defendants contend that Weiland has failed to state a claim for inducement of infringement as against either Defendant because the TAC "does not sufficiently allege such specific intent and action to induce infringement" because it fails to demonstrate that Defendants had knowledge of any alleged patent infringement. (Mot. to Dismiss 5, ECF No. 114)

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prevail on inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (internal quotation marks omitted). Liability under § 271(b) "may include liability of corporate official[s] who actively aid and abet their corporation's infringements." *Power Lift v. Lang Tools*, 774 F.2d 478, 481 (Fed. Cir. 1985).

//

---

[2] Regarding Defendants' default, Weiland states the following:

> [D]efendants (particularly defendant Shoshan who has yet to file any answer in this case) are also in default for failure to timely respond to the TAC . . . Although Weiland is certainly not stating a default judgment is appropriate here, it does note that a party currently in default is severely limited in the defensive actions it can take.

(Resp. in Opp'n 3, ECF No. 120) There has been no entry of default, and Weiland has not moved—and apparently has no intention of moving—for default.

[3] The Court notes that even if Defendants' 12(b)(6) motion had been filed after any responsive pleading, the Court could construe it as a 12(c) motion for judgment on the pleadings rather than deny it as being untimely. *See Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1543 (N.D. Cal. 1990) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). As Defendants correctly point out, "Weiland cannot establish a waiver of the legal challenge to the sufficiency of its claims." (Reply in Supp, ECF No. 121) Rule 12(h) plainly preserves the right to move to dismiss pursuant to Rule 12(b)(6) even after a responsive pleading has been filed.

### A. *Third-Party Direct Infringement*

Liability for inducement of infringement cannot lie where there has been no direct infringement. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). In the TAC, Weiland supplements the bare assertions of third-party direct infringement contained in the SAC—which the Court previously found insufficient to state an inducement claim, (Order, Aug. 10, 2011, at 4–5, ECF No. 109)—with several allegations regarding third-party involvement. Specifically, Weiland points to Defendants' dealers, contractors, installers, customers, property owners, builders, and distributors as those third-party infringers who offer for sale, sell, assemble, install, and use Weiland's patented products. (TAC ¶¶ 33–39, ECF No. 112); *see also* (Resp. in Opp'n 8, ECF No. 120) Thus, the Court finds that Weiland sufficiently alleges direct infringement by this group to whom Defendants allegedly provide the accused product. *See, e.g.*, *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964) (alleging direct infringement by defendant's customers); *Jansen v. Rexall Sundown, Inc.*, 342 F.3d 1329, 1334 (Fed. Cir. 2003) (same).

### B. *Intent to Induce Infringement*

Defendants argue that Weiland has failed to demonstrate the requisite specific intent to induce infringement because it has failed to establish that Defendants had knowledge of any infringing activity. (Mot. to Dismiss 5, ECF No. 114) Specifically, Defendants contend that neither the fact that Defendants allegedly knew as of 2003 that Weiland had a patent pending nor the 2007 Patent License Opportunity letter that Weiland sent to Shoshan, (*id.*, Ex. A),[4] are sufficient to establish that Defendants had knowledge that the acts they induced constituted infringement, (*id.* at 5).

---

[4] Defendants request that the Court take judicial notice of the Patent License Opportunity letter, which they attach as Exhibit A to their motion to dismiss. (Mot. to Dismiss 6 n.3, ECF No. 114) Generally, on a motion to dismiss, a court may consider only three things: (1) "allegations contained in the pleadings," (2) "exhibits attached to the complaint," and (3) "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). However, a court may also "consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (citation omitted). Here, Weiland does not oppose Defendants' request for judicial notice, the Patent License Opportunity letter is repeatedly referenced in the TAC, and its authenticity is apparently not in dispute. Thus, the Court takes judicial notice of the Patent License Opportunity letter.

"[T]he specific intent necessary to induce infringement 'requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement.'" *Kyocera Wireless*, 545 F.3d at 1354 (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc)). The Supreme Court recently explained that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). The Court further held that under this standard actual knowledge is not required, but that the doctrine of willful blindness applies to inducement of infringement claims such that a defendant may not avoid inducement liability by deliberately avoiding actual knowledge that the acts it induces constitute patent infringement. *Id.* at 2069. Although the Court went on to expound on exactly what this standard requires, *id.* at 2070–71, "putting *Global-Tech* together with *Iqbal*, the question before the Court on defendants' motion[] to dismiss is whether [the plaintiff] has plead[ed] sufficient facts . . . for the Court to *infer* that the defendants had knowledge of [plaintiff's] patents and that their products infringed on those patents." *Trading Techs. Int'l. Inc. v. BCG Partners, Inc.*, No. 10c715, 2011 U.S. Dist. LEXIS 99415, at *13–14 (N.D. Ill. Sept. 2, 2011).

As to Defendants' knowledge of Weiland's patents, the Court finds that Weiland has pleaded enough facts for the Court to infer that Defendants had such knowledge. Such an inference is supported by Weiland's allegations that since 2004[5] it marked its products with appropriate patent markings, (TAC ¶ 17, ECF No. 112); that in 2007 Weiland sent Defendants a Patent Licensing Opportunity letter and enclosed copies of the '651 and '343 Patents, (*id.* ¶¶ 21, 30, 38); and that Weiland and Panda are competitors in the high-end sliding doors and windows market, bearing on the likelihood that Defendants had knowledge of existing patents in that industry, including Weiland's, (*see id.* ¶¶ 8, 13–16; Resp. in Opp'n 5 n.4, ECF No. 120 ("Panda and plaintiff Weiland are two of the only four or five competitors in the high-end lift-slide door

---

[5] The '651 patent was issued on September 21, 2004, (TAC, Ex. A, ECF No. 112-1), but the '343 patent was not issued until March 7, 2006, (TAC, Ex. B, ECF No. 112-2). Thus, prior to March 7, 2006, the patent markings can bear on Defendants' knowledge only of the '651 patent.

system market.")); *Trading Techs.*, 2011 U.S. Dist. LEXIS 99415, at *14–15 & n.5. Thus, to the extent that Defendants are arguing that they had no knowledge of the existence of the patents, the Court finds that the above allegations support an inference that Defendants did have such knowledge—or at the very least that Defendants were willfully blind to the patents, which is sufficient under *Global-Tech*.

As to Defendants' knowledge and intent that the third-party acts they induced constituted direct infringement, the analysis is less straightforward. In determining whether Defendants possessed such intent, "direct evidence is not required; rather, circumstantial evidence may suffice." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (internal quotation marks omitted)). Indeed, "[t]he requisite intent to induce infringement may be inferred from all of the circumstances." *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 669 (Fed. Cir. 1988).

Relevant to Defendants' knowledge and intent to induce infringement, Weiland alleges that Defendants' drainage system is identical to the systems protected by Weiland's patent, supporting an inference that Defendants' product is not capable of any noninfringing use,[6] (TAC ¶ 16, ECF No. 112); that upon witnessing Weiland's later-patented system at a 2003 industry trade show Shoshan "stated words to the effect of 'I'm going to copy that,'" (*id.* ¶ 18); that Defendants were in possession of a copy of Weiland's patented door system, (*id.* ¶ 19); that they received copies of Weiland's patents, (*id.* ¶ 21); that Defendants never sought an opinion of counsel regarding whether they were infringing Weiland's patents, (*id.*); and that Defendants disseminated an online brochure advertising the allegedly infringing product and providing installation and use instructions, (*id.* ¶¶ 26, 38). Taken together, these allegations support an inference that Defendants had knowledge that their products infringed Weiland's patents, and that they intended to induce others to infringe.

---

[6] Though particularly relevant to a determination of intent to induce infringement, *see MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932–33 (2005), neither party directly addresses whether Defendants' products are capable of substantial noninfringing uses. Accepting as true the allegations of the TAC, however, the Court infers that because Defendants' products are "identical" to the products protected by the patents, (TAC ¶ 16, ECF No. 112), they are not capable of any noninfringing use.

Defendants' alleged statements and conduct suggest an intent to create a replica of Weiland's patented product. That, combined with Defendants' knowledge of Weiland's patents[7] supports an inference that Defendants knew that their product infringed Weiland's patents. That Defendants received copies of Weiland's patents but nevertheless failed to obtain an opinion of counsel regarding the possibility of infringement may also suggest an intent to infringe, *see Broadcom Corp. v. Qualcomm, Inc.*, 534 F.3d 683, 699 (Fed. Cir. 2008), or at the very least that Defendants were willfully blind to whether their products were infringing Weiland's patents. Importantly, however, the Patent License Opportunity letter that accompanied the copies of the patents in no way alerted Defendants to the potentiality of infringement. Instead, the letter merely informed Defendants that Weiland "has received patents . . . and is considering making these patents available for license to qualified companies." (Mot. to Dismiss, Ex. A, ECF No. 114) From this alone, the Court is hesitant to make an inference that Defendants' failure to obtain an opinion of counsel suggests any intent to infringe. But Defendants' possession of the patents as well as a copy of Weiland's system, the fact that the products are identical, and Shoshan's statement of intent to copy Weiland's system all suggest that Defendants knew their products were infringing.

With knowledge that their products were infringing, Defendants distributed them to third parties who, in offering for sale, selling, assembling, installing, and using the products, directly infringed Weiland's patents. The Court finds that by alleging that Defendants provided their products to third-party dealers, contractors, installers, customers, property owners, builders, and distributors knowing that they had no other use than one that infringed Weiland's patents, and by further alleging that Defendants provided instructions on how to install and use the product in an infringing manner, Weiland has sufficiently alleged Defendants' specific intent to induce

---

[7] Defendants' reliance on 35 U.S.C. § 287(a)'s notice requirement is misplaced. (Reply in Supp. 7, ECF No. 121) That section deals with the notice requirement pertaining to limitations on damages recoverable by the patentee, an issue not yet before the Court. While the 2007 Patent License Opportunity letter may not constitute notice under § 287 because it fails to inform Defendants that they are infringing or to request that they cease their infringing activity, *see SRI Inter., Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997), it nevertheless is relevant to the instant determination whether Defendants possessed knowledge that they were inducing infringing acts.

1  infringement.

2  Thus, the Court finds that Weiland has alleged sufficient facts to state a claim for
3  inducement of infringement. Accordingly, Defendants motion to dismiss on this basis is
4  **DENIED**.

5  **2. Contributory Infringement**

6  Defendants' only contention regarding Weiland's claim for contributory infringement is
7  that TAC fails to state a claim because it "does not allege any single sale of any . . . alleged
8  'components' standing alone—with their later being incorporated into an infringing product."
9  (Mot. to Dismiss, ECF No. 114)

10  Under 35 U.S.C. § 271(c), whomever offers to sell or sells within the United States a
11  component for use in a patented invention is liable for contributory infringement if: (1) the
12  component constitutes "a material part of the invention"; (2) the alleged infringer knows that the
13  component is "especially made or especially adapted for use in an infringement of [the] patent";
14  and (3) the component is "not a staple article or commodity of commerce suitable for substantial
15  noninfringing use." 35 U.S.C. § 271(c); *see also i4i P'ship v. Microsoft Corp.*, 598 F.3d 831,
16  850–51 (Fed. Cir. 2010). A plaintiff must also show direct infringement by a third party. *See*
17  *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1349 (Fed. Cir. 2003).

18  Unlike the SAC, which merely mirrored the statutory language and failed to identify any
19  specific components that Defendants sell for use in a patented invention, in the TAC Weiland
20  cures this deficiency by alleging a specific component: "the fabricated track with the channel
21  formed between the track and the splash guard." (TAC ¶ 45, ECF No. 112) Weiland goes on to
22  allege that the fabricated track "is not a staple item of commerce and is not suitable for substantial
23  non-infringing use because it is especially designed and manufactured for use in a lift-slide sliding
24  door assembly with drainage track." (*Id.*) Finally, although Defendants argue that Weiland "does
25  not allege any single sale of any of these alleged 'components,'" (Mot. to Dismiss 6, ECF No.
26  114), the Court finds Weiland's allegation that the fabricated track is "priced individually, or in a
27  non-complete combination," (TAC ¶ 46, ECF No. 112), sufficiently satisfies the "offers to sell"
28  requirement of § 271(c).

Taken together, the Court finds these allegations sufficient to state a claim for contributory infringement. Thus, the Court **DENIES** Defendants' motion to dismiss on this basis.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED** in its entirety.

**IT IS SO ORDERED**.

DATED: January 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge