# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEILAND SLIDING DOORS AND WINDOWS, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> PANDA WINDOWS AND DOORS, LLC and EYAN AVI SHOSHAN, <br><br>  Defendants. | CASE NO. 10CV677 JLS (MDD) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT PANDA WINDOWS AND DOORS, LLC'S SECOND AMENDED COUNTERCLAIMS** <br><br> (ECF No. 117) |

Presently before the Court is Plaintiff and Counter-Defendant Weiland Sliding Doors and Windows, Inc.'s ("Weiland") motion to dismiss Defendant and Counter-Plaintiff Panda Windows and Doors, LLC's ("Panda") second amended counterclaims ("SACC"). (Mot. to Dismiss, ECF No. 117)  Also before the Court are Panda's opposition, (Resp. in Opp'n, ECF No. 122), and Weiland's reply, (Reply in Supp., ECF No. 123).  The hearing set for the motion on January 19, 2012, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **GRANTS** Weiland's motion.

//
//
//

**BACKGROUND**

In the underlying patent infringement suit, Weiland asserts claims against Panda and its president, Eyan Avi Shoshan, for direct patent infringement, inducement of infringement, and contributory infringement of two of Weiland's patents: U.S. Patent Nos. 7,007,343 and 6,792,651. (Third Am. Compl. ("TAC"), ECF No. 112)  Following the filing of the first amended complaint ("FAC") on April 26, 2010, (FAC, ECF No. 6), Panda answered and counterclaimed for intentional interference with business relationships, (Answer & Countercl., ECF No. 7).  Weiland answered, (Answer, ECF No. 11), and later filed a motion to dismiss or, in the alternative, motion for judgment on the pleadings, (Mot. to Dismiss Countercl., ECF No. 23).  The Court denied Weiland's anti-SLAPP motion to dismiss, and granted the motion for judgement on the pleadings as to the litigation privilege affirmative defense.  (Order, Oct. 28, 2010, ECF No. 45)

Subsequently, Panda filed a first amended counterclaim, (First Am. Countercl., ECF No. 59), which Weiland again moved to dismiss, (Mot. to Dismiss First Am. Countercl., ECF No. 70). Again, the Court denied Weiland's anti-SLAPP motion to dismiss, but granted the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Order, August 29, 2011, ECF No. 110)  Then, Weiland filed its TAC, (TAC, ECF No. 112), and Panda filed the operative SACC, (SACC, ECF No. 115), soon followed by the instant motion to dismiss, (Mot. to Dismiss, ECF No. 117).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

1  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
2  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a
3  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*,
4  129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

5  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
6  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,
7  550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts
8  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the
9  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must
10 be probable, but there must be "more than a sheer possibility that a defendant has acted
11 unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible
12 entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept
13 as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific
14 analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation
15 omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
16 possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
17 entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give
18 rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."
19 *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

20 Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
21 determines that the allegation of other facts consistent with the challenged pleading could not
22 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
23 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
24 1986)). In other words, where leave to amend would be futile, the Court may deny leave to
25 amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.
26 //
27 //
28 //

**ANALYSIS**

Panda's SACC again asserts a claim for intentional interference with prospective business advantage, this time based solely on Weiland's alleged verbal communications with potential Panda customers.[1] (SACC ¶¶ 17–28, ECF No. 115)  Specifically, Panda alleges that Weiland communicated with several potential Panda customers and warned them of potential patent liability if they purchased products from Panda. (*Id.* ¶ 17)  Weiland allegedly made these representations even when it had no information suggesting that the potential customers contemplated purchasing the Panda drainage track at issue in this action. (*Id.*)  And Weiland continued to make these representations even after Weiland knew that Panda stopped selling the potentially infringing track. (*Id.*)  Importantly, the SACC adds an allegation that

> Weiland's allegations of patent infringement, to the extent presented to potential Panda customers who were not contemplating the purchase of the accused infringing product, were objectively false and were made in bad faith; i.e., with knowledge of their incorrectness or falsity, or disregard for either.  As such, Weiland's statements were unlawful.

(*Id.* ¶ 20)

Panda contends that Weiland's statements were made for the purpose of confusing and intimidating Panda customers. (*Id.* ¶ 18)  Weiland allegedly misrepresented the possibility of patent liability in order to "persuade potential Panda customers to not purchase from Panda and to instead buy product from Weiland." (*Id.* ¶ 19)

Weiland moves to dismiss the SACC on three bases: (1) Panda fails to allege that Weiland engaged in an independently wrongful act; (2) the alleged communications are protected by the litigation privilege; and (3) Panda's allegations fail to satisfy the pleading standards required by Federal Rules of Civil Procedure 8 and 9(b). (Mot. to Dismiss 2, ECF No. 117)  Because the Court finds that the Weiland's motion should be granted on the first and third asserted bases, and because of the inherent vagueness of the allegations regarding Weiland's verbal communications

---

[1] Weiland misreads the SACC as alleging intentional interference based on both Weiland's alleged verbal communications and the 2010 Press Release that was the subject of the original and first amended counterclaims. (Mot. to Dismiss 2, ECF No. 117)  Though the 2010 Press Release is mentioned in the SACC, it is clear that the allegations of intentional interference are based solely on Weiland's alleged verbal communications, and not the Press Release.  Panda confirms this reading of the SACC. (Resp. in Opp'n 6, ECF No. 122 ("Panda's SACC is not based upon those statements made in the Press Release."))

to Panda customers, the Court declines to consider at this stage whether the communications fall within the litigation privilege.

"To establish a claim for interference with prospective economic advantage . . . a plaintiff must plead that the defendant engaged in an independently wrongful act. . . . An act is not independently wrongful merely because [the] defendant acted with an improper motive." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 953 (Cal. 2003). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 954.

In the SACC, Panda supplements its allegations with the contention that Weiland's statements were unlawful or "independently wrongful"—a deficiency the Court previously noted in dismissing the intentional interference claim based on the alleged verbal communications. (Order, Aug. 29, 2011, at 11, ECF No. 110). Specifically, as expounded on in its opposition brief, Panda alleges that Weiland's verbal communications are "independently wrongful because Federal Circuit authority prohibits a patentee from making communications of information about the existence or pendency of patent rights that are subjectively baseless and that were made in bad faith." (Resp. in Opp'n 2, ECF No. 122)

While "it is not improper for a patent owner to advise possible infringers of its belief that a particular product may infringe the patent," *Mikohn Gaming Corp. v. Acres Gaming*, 165 F.3d 891, 897 (Fed. Cir. 1998), such communications must be made in good faith, *see Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). Thus, to state a claim for intentional interference, Panda must allege that Weiland's verbal communications were made in bad faith, which "includes separate objective and subjective components." *Id*. "[A] threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Mikohn Gaming*, 165 F.3d at 897.

Here, the SACC includes conclusory allegations that Weiland's verbal communications "were made in bad faith; i.e., with knowledge of their incorrectness or falsity, or disregard for either." (SACC ¶¶ 20, 26, ECF No. 115) What the SACC is lacking, however, are factual

1  allegations supporting such a conclusion.  And as this Court held previously, "to the extent that
2  Weiland's statements sound in fraud, Panda's allegations to that effect would be subject to Rule
3  9(b)'s heightened pleading standard; a standard that Panda's current pleadings cannot satisfy."
4  (Order, Aug. 29, 2011, at 11, ECF No. 110 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1091,
5  1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where,
6  and how of the misconduct charged." (internal quotation marks omitted)))).[2]

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Weiland's motion to dismiss.  Panda may file any amended counterclaim within 28 days of the date this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED:  January 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] Notably, except for a single paragraph, Panda's allegations regarding Weiland's verbal communications mirror those of the prior amended counterclaims.  Thus, the Court again finds them deficient, under both Federal Rules of Civil Procedure 8 and 9(b).