UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WEILAND SLIDING DOORS AND WINDOWS, INC., | CASE NO. 10CV677 JLS (MDD) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS DEFENDANT PANDA WINDOWS AND DOORS, LLC'S THIRD AMENDED COUNTERCLAIMS** |
| vs. | |
| PANDA WINDOWS AND DOORS, LLC and EYAL AVI SHOSHAN, | (ECF No. 131) |
| Defendants. | |

Presently before the Court is Plaintiff/Counter-Defendant Weiland Sliding Doors and Windows, Inc.'s ("Weiland") Motion to Dismiss Third Amended Counterclaims ("TACC"). (Mot. to Dismiss, ECF No. 131) Also before the Court are Panda Windows and Doors, LLC's ("Panda") response in opposition, (Resp. in Opp'n, ECF No. 133), and Weiland's reply in support, (Reply in Supp., ECF No. 134). The hearing set for the motion on May 17, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Weiland's motion and **DISMISSES** Panda's TACC **WITH PREJUDICE**.

In the Court's most recent Order granting Weiland's motion to dismiss Panda's second amended counterclaims ("SACC") the Court determined that Panda failed to state a claim for intentional interference with prospective business advantage because it had not sufficiently alleged

1  that Weiland's verbal communications were made in bad faith.  (Order, Jan. 23, 2012, at 5–6, ECF
2  No. 127)  The Court granted Panda an opportunity to amend, and Panda filed its TACC on
3  February 21, 2012.  (TACC, ECF No. 129)  Panda asserts that it has cured the noted deficiencies
4  in its counterclaims:

> Panda has amended the complaint to include additional facts regarding: the unlawful statements to Panda's potential customers were made by Weiland's Director of Sales; at least one of Panda's customer's (sic) to whom the statement was made was a customer located in Connecticut; that Weiland did not seek to confirm whether the potential customer was considering purchasing an accused drainage track from Panda; and that the communications occurred during the period following the filing of this lawsuit, including in April 2010.

9  (Resp. in Opp'n 3–4, ECF No. 133)  For the reasons explained, the Court finds that Panda's
10 allegations remain insufficient.

11       As Panda is well aware based on the Court's prior Orders, in order to state a claim for
12 intentional interference, Panda must allege that Weiland's verbal communications were made in
13 bad faith.  This is so because under Federal Circuit case law, "communication to possible
14 infringers concerning patent rights is not improper if the patent holder has a good faith belief in the
15 accuracy of the communication."  *Mikohn Gaming Corp. v. Acres Gaming*, 165 F.3d 891, 897
16 (Fed. Cir. 1998); *accord GP Indus. v. Eran Indus.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007) ("[A]
17 patentee has a right to inform potential infringers of a patent and potentially infringing activity
18 unless the communication is made in bad faith.").  Moreover, "[t]he law recognizes a presumption
19 that the assertion of a duly granted patent is made in good faith."  *Golan v. Pingel Enter.*, 310 F.3d
20 1360, 1371 (Fed. Cir. 2002) (internal quotation marks omitted).

21       Thus, Panda must establish that Weiland's verbal communications were made in bad faith,
22 which includes both objective and subjective components.  "The objective component requires a
23 showing that the infringement allegations are 'objectively baseless.'"  *800 Adept, Inc. v. Murex*
24 *Sec., Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008) (quoting *Globetrotter Software, Inc. v. Elan*
25 *Computer Group, Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004)).  "Subjective considerations of bad
26 faith are irrelevant if the assertions are not objectively baseless."  *GP Indus.*, 500 F.3d at 1375.

27       "Infringement allegations are objectively baseless if 'no reasonable litigant could
28 realistically expect success on the merits.'"  *800 Adept*, 539 F.3d at 1370 (quoting *Prof'l Real*

*Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). "Obviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999).

Panda's TACC alleges that it replaced the allegedly infringing drainage track that is the subject of this lawsuit with a non-infringing product in April 2010. (TACC ¶ 12, ECF No. 129) And according to Panda, Weiland's communications—some of which were made in April 2010, (*id.* ¶ 18)—were objectively baseless because Weiland knew Panda's replacement drainage track product did not infringe, and yet warned Panda's customers that they might be sued if they purchased from Panda. (*Id.* ¶ 17) Specifically, Panda contends that Weiland "communicated these threats to Panda's potential customers even after knowing that Panda had stopped selling the accused infringing drainage track . . . . [C]learly, a customer cannot purchase an accused infringing product if it is not being offered for sale." (Resp. in Opp'n 7, ECF No. 133)

But Panda still fails to allege beyond a mere conclusory assertion that Weiland had knowledge that Panda was no longer selling—and customers were not purchasing—an infringing drainage track (*i.e.*, that Weiland knew that Panda's product did not infringe its patent and nevertheless made representations to the contrary in the marketplace). Although Panda correctly asserts that it is "not obligated to *prove* this fact at the pleading stage," (*id.* (emphasis added)), as the Court has already twice indicated, Panda must do more than simply conclusively assert that Weiland's communications were made in bad faith, (Order, Jan. 23, 2012, at 5, ECF No. 127); (Order, Aug. 29, 2011, at 6–7, ECF No. 110); *see also Procongps, Inc. v. Star Sensor LLC*, 2011 U.S. Dist. LEXIS 137366, at *8 (N.D. Cal. Nov. 29, 2011) ("[Defendant] must also allege facts in support of its allegation that [Plaintiff] is asserting patents it knows are not valid and not infringed; it is not sufficient to simply make such an allegation 'on information and belief.'"); *RPost Holdings, Inc. v. Trustifi Corp.*, 2010 U.S. Dist. LEXIS 113106, at *11 (C.D. Cal. Oct. 12, 2010) (granting a motion to dismiss where Defendant conclusively alleged that Plaintiffs knew the accused instrumentality did not infringe the patents before communicating otherwise to the marketplace, stating that "Defendant's belief that Plaintiffs had such knowledge, . . . is not

sufficient to overcome the presumption of good faith.")[1]; *Sandisk Corp. v. LSI Corp.*, 2009 U.S. Dist. LEXIS 93191, at *4–9 (N.D. Cal. Sept. 17, 2009); *but see Epistar Corp. v. Philips Lumileds Lighting Co., LLC*, 2008 U.S. Dist. LEXIS 79448, at *20–21 (N.D. Cal. Aug. 26, 2008) (accepting as true the plaintiff's allegations regarding defendant's knowledge at the time of defendant's communications that plaintiff had developed a design-around product that did not infringe).

Thus, despite having several opportunities to amend its counterclaim for intentional interference, the Court concludes that Panda has yet again failed to allege sufficient facts to state a claim. Accordingly, the Court **GRANTS** Weiland's motion to dismiss. Because Panda has been afforded multiple opportunities to cure the deficiencies but has failed to do so, Panda's TACC is **DISMISSED WITH PREJUDICE**. *See Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

**IT IS SO ORDERED**.

DATED: August 31, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[1] In *RPost Holdings*, the court found insufficient Defendant's conclusory allegation that "it is objectively clear that [the accused instrumentality] does not infringe the . . . patent and that RPost knew this prior to [stating otherwise in a press release]." *RPost Holdings*, 10cv1416 PSG (SH), Docket No. 23, at ¶¶ 23, 25, 27. Similarly, here, Panda has alleged only that "Weiland communicated this threat to potential Panda customers even after knowing that Panda had replaced [the allegedly infringing] drainage track with its new, high-capacity, side-draining track that is not a part of this lawsuit." (TACC ¶ 17, ECF No. 129) The TACC is devoid of factual allegations supporting Weiland's purported knowledge, however. *Cf. Vasudevan Software, Inc. v. TIBCO Software, Inc.*, 2012 U.S. Dist. LEXIS 69952, at *13 (N.D. Cal. May 18, 2012) (indicating, with regard to stating a claim for willful infringement, that "the difference between the barest factual assertion of knowledge of an issued patent and a bare recitation of the required legal elements for willful infringement is not exactly easy to draw, given that knowledge of the patent . . . is a required element. That said, it simply cannot be that an assertion of 'willful infringement' is insufficient to state a claim, whereas an allegation of 'actual knowledge,' without more, is enough." (internal quotation marks omitted)). Because "there is no way to discern what constitutes the basis for the averment of actual knowledge," the TACC, to the extent it relies on Weiland's knowledge to allege bad faith, is insufficient to state a claim under Federal Rule of Civil Procedure 8. *Id.* at *14; *accord IPVenture, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955, at *7–8 (N.D. Cal. Jan. 21, 2011) ("Because there are no facts to support the claim that Defendants actually had knowledge of the issued patent, and there is merely the bare recitation of the required legal elements for willful infringement, the Court finds that Plaintiff has failed to state a cause of action for willful infringement.").